## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EMERALD LENGEL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HomeAdvisor, Inc.,

Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Case No. 2:15-cv-02198-RDR/KGS

## INTRODUCTION

Before an employer procures a consumer report (i.e., background check) on a job applicant or employee, the Fair Credit Reporting Act ("FCRA" or "Act") requires the employer to disclose this fact in a document that consists "solely of the disclosure." *See* 15 U.S.C. 1681b(b)(2)(A)(i). For years, the Federal Trade Commission ("FTC") and numerous courts have emphasized that this stand-alone disclosure requirement is strictly construed, and that liability waivers and other extraneous material are not permitted in the disclosure. In fact, HomeAdvisor's own consumer reporting agency, Backgroundchecks.com, has emphasized to its clients that "[t]his disclosure must be separate from anything else, especially your employment application or any release of liability." *Complaint, ¶ 29 & Ex. 4.* Yet, in spite of (1) the unambiguous language of the FCRA, (2) case law interpreting the Act, (3) published FTC guidance, and (4) guidance from the consumer reporting agency that provided HomeAdvisor with consumer reports, HomeAdvisor chose to bury its disclosure in a multi-page job application. Further, within the disclosure itself, HomeAdvisor included a liability release and a great deal of other extraneous material (e.g., statements that employment is at will, that

HomeAdvisor has the right to amend its employment policies, that the applicant's privacy is not being violated, and that false information in the application is grounds for termination). Accordingly, HomeAdvisor has violated the stand-alone disclosure requirement of the FCRA.

Notably, HomeAdvisor does not even attempt to argue that it complied with the Act. Instead, HomeAdvisor's motion to dismiss is based entirely on its argument that its violations were not "willful."  However, this argument is premature at the pleading stage, and should be rejected because (among other things) it is:

- inconsistent with the allegations in the Complaint, *see, e.g., Complaint, ¶¶ 5, 9, 22, 32, 46*;

- inconsistent with applicable pleading standards, *see* Fed. R. Civ. P. 9(b) ("intent … may be alleged generally");

- inconsistent with the standard for willfulness under the Act, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) ("[Defendants] argue that liability under § 1681n(a) for 'willfully fail[ing] to comply' with FCRA goes only to acts known to violate the Act, not to reckless disregard of statutory duty, but we think they are wrong."); and

- inconsistent with numerous FCRA cases allowing similar allegations of willfulness to proceed past a motion to dismiss or motion for summary judgment (or granting judgment outright in favor of the plaintiff), *see Milbourne v. JRK Residential America, LLC*, --- F. Supp. 3d ---, 2015 WL 1120284 (E.D. Va. Mar. 11, 2015) ("*Milbourne II*"); *Miller v. Quest Diagnostics*, --- F. Supp. 3d --- , 2015 WL 545506 (W.D. Mo. Jan. 28, 2015); *Jones v. Halstead Mgmt. Co., LLC*, --- F. Supp. 3d ---, 2015 WL 366244 (S.D.N.Y. Jan. 27, 2015); *Avila v. NOW Health Grp., Inc.*, 2014 WL 3537825 (N.D. Ill. July 17, 2014); *Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-00861, ECF No. 19 (E.D. Va. April 7, 2014) ("*Milbourne I*"); *Reardon v. ClosetMaid Corp.*, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) ("*Reardon II*"); *Singleton v. Domino's Pizza*, 2012 WL 245965 (D. Md. Jan. 25, 2012); *Reardon v. Closetmaid Corp.*, 2011 WL 1628041 (W.D. Pa. Apr. 27, 2011) ("*Reardon I*"); *EEOC v. Video Only, Inc.*, 2008 WL 2433841 (D. Or. 2008).

In her Complaint, Plaintiff expressly alleges that HomeAdvisor willfully violated the FCRA, and has supported that allegation with specific facts demonstrating that HomeAdvisor was on notice of its statutory duties but chose to ignore them.  Accordingly, Plaintiff respectfully requests that this Court deny HomeAdvisor's motion to dismiss.

## FACTUAL BACKGROUND

I.    ALLEGATIONS RELATING TO PLAINTIFF EMERALD LENGEL

On or about November 18, 2013, Plaintiff Emerald Lengel ("Plaintiff") submitted an application for employment to HomeAdvisor.  *Complaint, ¶ 14*.  One week later, on November 25, 2013, Plaintiff went to HomeAdvisor's office in Lenexa, Kansas to interview for a position. *Id.*, *¶ 15*.  During her interview, Plaintiff was informed that her initial application had been lost. *Id.*  Accordingly, Plaintiff filled out a second application, which is attached to the Complaint as Exhibit 2.  *Id., ¶ 15 & Ex. 2.*

The "Acknowledgment & Signature" page ("Acknowledgement Page") on page 4 of the application states that the applicant will "permit HomeAdvisor to obtain any transcripts, records or documents pertaining to my background and business experience."  *Complaint, Ex. 2 at 4*. The Acknowledgment Page also contains a purported liability release, and includes the following additional statements and acknowledgements (among others):

- "I am not a party to any oral or written agreement with a prior employer or contractor that would in any manner restrict or impair my ability to perform the job functions of the position for which I am applying."

- "If any employment relationship is established, I understand that at any time and for any reason, I retain the right to terminate my employment and that HomeAdvisor retains a similar right.  I acknowledge I am employed at will."

- "I acknowledge that statements that may be contained in policies, practices, handbooks and other Company material do not create any guarantee of employment. Any promises to the contrary will be relied on by me only if they are in writing and signed by an authorized HomeAdvisor official."

- "I understand that HomeAdvisor has the right to modify, amend or terminate policies, practices, benefit plans and other HomeAdvisor programs within the limits and requirements imposed by law."

*Id*.

The employment application also includes a "Background Check Authorization: Applicant Information Release Form" ("Release Form") on page 5. *Complaint, ¶ 18 & Ex. 2 at 5*. However, this Release Form also is not a document consisting solely of a disclosure that a consumer report may be obtained for employment purposes. *Id*. The Release Form states: "I hereby release HomeAdvisor and any of its authorized agents from liability, and understand there is no invasion of privacy." *Id*. In addition, the Release Form states: "I understand that submission of false information on this or any employment forms my [sic] result in non-selection or termination if hired."

Plaintiff received and filled out her employment application (including the Acknowledgement Page and Release Form) on November 25, 2013, and HomeAdvisor offered Plaintiff employment as a Sales Consultant on the same day, contingent on her completion of a satisfactory background check. *Id., ¶ 19*. Thereafter, HomeAdvisor obtained a consumer report on Plaintiff from Backgroundchecks.com, a third-party consumer reporting agency. *Id., ¶¶ 21, 25-26*. Following this background check, Plaintiff began working for HomeAdvisor on December 2, 2013. *Id., ¶ 20*.

## II.  ALLEGATIONS RELATING TO WILLFULNESS OF HOMEADVISOR'S CONDUCT

Neither HomeAdvisor's Acknowledgement Page nor its Release Form satisfy the stand-alone disclosure requirement of the FCRA because (1) the Acknowledgement Page and Release Form are buried in a multi-page employment application; (2) the Acknowledgement Page and Release Form include a liability release; and (3) the Acknowledgement Page and Release Form contain extraneous statements and information. *Id., ¶ 44*. HomeAdvisor is well aware of this, and was on notice of the defects in its disclosures from numerous sources. *Id., ¶ 7*.

For example, Backgroundchecks.com offers the following guidance to its clients regarding their FCRA compliance and disclosure responsibilities:

> First, you must give the applicant a disclosure form that informs him that you will obtain a consumer report for employment purposes. ***This disclosure must be separate from anything else, especially your employment application or any release of liability.***
>
> Second, the applicant must sign an authorization that permits you to obtain a consumer report for employment purposes.
>
> The disclosure can only either be on a standalone form or combined with the authorization form. But if you combine them, then the combined form must not contain anything other than disclosure and authorization. A good test for this is whether each sentence could begin with either "We hereby disclose to you that ..." or "You hereby authorize us to ...".
>
> The primary purpose these forms serve is to comply with the FCRA. These forms also give the background screening company permission to do the check and may serve as verification to former employers or schools that they are allowed to give information.

*Id., ¶ 29 & Ex. 4* (emphasis added).  It is reasonable to infer that HomeAdvisor reviewed this guidance, since HomeAdvisor had to certify to Backgroundchecks.com that it was in compliance with the FCRA's stand-alone disclosure requirement.  *Id., ¶ 27.*

In addition, HomeAdvisor was on notice that its disclosures were unlawful from longstanding regulatory guidance and case law.  *Id., ¶ 31; see also id., ¶ 7, 46(c).*  In 1998, the FTC published an unambiguous opinion stating that (1) "the [disclosure] form should not contain any extraneous information," and (2) the inclusion of a liability waiver in the disclosure form will violate the FCRA.  *Id., ¶ 31 & Ex. 5.*  Further, in cases decided before HomeAdvisor procured Plaintiff's consumer report, other courts made clear that the disclosure cannot be part of a job application, and the disclosure may not include extraneous information such as a liability release.  *Id.* (citing *Singleton*, 2012 WL 245965); *see also Video Only*, 2008 WL 2433841; *Reardon I*, 2011 WL 1628041.

Based on these and other facts outlined in Paragraph 46 of the Complaint, Plaintiff alleges that HomeAdvisor's violations of the FCRA were "willful." *Complaint, ¶ 46*; *see also id., ¶¶ 5, 9, 22, 32*. Even if HomeAdvisor did not intend to violate the law *per se*, it is evident that HomeAdvisor "voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id., ¶ 46(f)*.[1] Notably, although HomeAdvisor is a large corporation with access to legal advice through its general counsel's office and outside employment counsel, there is no contemporaneous evidence that it ever determined its conduct was lawful. *Id., ¶ 46(b)*.

## ARGUMENT

### I.   STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, it is not necessary to plead "detailed factual allegations"; all that is required is that the complaint include sufficient factual content to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is not akin to a "probability requirement." *Id.* Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556; *Salek v. Reload, Inc.*, 2012 WL 589277, at *2 (D. Kan. Feb. 22, 2012) (denying motion to dismiss).

For purposes of resolving a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable

---

[1] This is the standard for willfulness established by the Supreme Court in *Safeco*, 551 U.S. at 69.

to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). "[O]nly if a reasonable person could not draw ... an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. PLAINTIFF HAS PLED A VALID CLAIM UNDER THE FCRA

Plaintiff has pled a valid FCRA claim.  Under the FCRA, it is illegal to "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless… a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).   In the event that an employer willfully violates this requirement, the subject of the report may sue for statutory damages of not less than $100 and not more than $1,000 per violation (plus other relief, including punitive damages and reasonable attorneys' fees and costs).  *See* 15 U.S.C. § 1681n(a).  It is not necessary to show actual damages or injury.  *See Ashby v. Farmers Ins. Co. of Oregon*, 592 F. Supp. 2d 1307, 1317 (D. Or. 2008) ("Under FCRA, statutory damages are awarded as an alternative to actual damages. The statute does not require a named plaintiff or a class member to prove actual harm and/or damage in order to obtain statutory damages …"); *Montgomery v. Wells Fargo Bank*, 2012 WL 5497950, at *6 (N.D. Cal. Nov. 13, 2012) ("[I]t is not necessary that a plaintiff allege actual damages in order

7

to state a claim for relief under the FCRA.").[2]

Here, it is evident from the face of the disclosure that HomeAdvisor provided to Plaintiff that it was not a stand-alone disclosure as required by the FCRA. Moreover, the Complaint expressly alleges that HomeAdvisor willfully violated the stand-alone disclosure requirement. Although HomeAdvisor disputes whether its conduct was willful, it would be premature to decide this issue on a motion to dismiss, and Plaintiff has supported her allegations of willfulness with facts demonstrating that, at a minimum, HomeAdvisor acted in reckless disregard of its statutory duties. This is sufficient to state a claim for a willful violation of the FCRA. *See Safeco*, 551 U.S. at 69.

## A.   HomeAdvisor Did Not Provide the Stand-Alone Disclosure Required by the FCRA

HomeAdvisor does not seriously contend that the background check disclosure in its job application (*Complaint, Ex. 2*) complied with the FCRA. Nor could it. For at least three separate reasons, this disclosure was not a stand-alone disclosure.

___First___, "[t]he disclosure may not be part of an employment application." Advisory Opinion to Leathers (Sept. 9, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last visited March 24, 2015). By itself, this renders HomeAdvisor's disclosure unlawful, as it was included within Plaintiff's job application. *See Video Only*, 2008 WL 2433841, at *11 ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a

---

[2] *Accord Robins v. Spokeo, Inc.*, 742 F.3d 409, 414 (9th Cir. 2014); *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 707 (6th Cir. 2009); *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1231 (D. Nev. 2007) ("Every district court to consider the issue has found a plaintiff has standing to pursue a FACTA [FCRA] claim for statutory damages even without showing actual damages.").

consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure."); *accord Reardon I*, 2011 WL 1628041, at *4 (finding that plaintiff stated a claim under the FCRA and certifying class to pursue the claim, where plaintiff alleged in Paragraph 30(c) of the Complaint that the defendant violated § 1681b(b)(2)(A)(i) by "[i]ncluding the requisite disclosure form as part of The Application[.]").[3]

      **_Second_**, even considering the relevant sections of the job application in isolation (the Acknowledgement Page and Release Form), both of those sections contain a liability release. *See Complaint, ¶¶ 16, 18 & Ex. 2 at 4-5.* It is equally clear from FTC guidance and case law that this type of liability waiver may not be included in the disclosure. *See* Advisory Opinion to Hauxwell (June 12, 1998) (*Complaint, Ex. 5*) ("The inclusion of such a waiver in a disclosure form will violate … the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."); *Singleton*, 2012 WL 245965, at *7-9 (D. Md. Jan 25, 2012) ("[I]nclusion of the liability release in the [] form precludes Domino's from asserting that … the [] form satisfies the FCRA's requirements."); *Reardon II*, 2013 WL 6231606 at *10-11 (holding that disclosure with liability waiver was "facially contrary to the statute at hand, and all of the administrative guidance," and granting summary judgment against the defendant employer); *Avila*, 2014 WL 3537825, at *2 (holding that disclosure with liability release and other extraneous information was "contrary to the express language of the FCRA" and denying motion to dismiss).

---

[3] The fact that the application is separated into different sections is irrelevant. *See Milbourne II*, 2015 WL 1120284, at *7 ("There is no qualification that extraneous language can be in the same document if the disclosure is in a separate paragraph.").

*__Finally__*, in addition to a liability release, both the Acknowledgement Page and Release Form contained other extraneous information.  *See supra* at 3-4; *Complaint, ¶¶ 16, 18 & Ex. 2 at 4-5.*  This also violated the FCRA.  *See, e.g.,* Advisory Opinion to Hauxwell (June 12, 1998) (*Complaint, Ex. 5*) ("[T]he [disclosure] form should not contain any extraneous information"); Advisory Opinion to Steer (Oct. 21, 1997 ("[S]uch a document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); Advisory Opinion to Coffey (Feb. 11, 1998) (*Def's Memo, Ex A*) ("It is our view that Congress intended that the disclosure not be encumbered with extraneous information."); *Jones*, 2015 WL 366244, at *5 (S.D.N.Y. Jan. 27, 2015) ("The statute requires a standalone disclosure; the only extraneous information permitted is an authorization by the consumer to the employer to obtain a consumer report."); *Miller*, 2015 WL 545506, at *3.

### B.    Plaintiff Properly Alleges that HomeAdvisor Willfully Violated the Act

Although HomeAdvisor argues that its violations were not "willful," Plaintiff has alleged otherwise in the Complaint.  *See Complaint, ¶¶ 5, 9, 22, 32, 46.*  At this stage, the Court must accept Plaintiff's allegations of willfulness as true.   Similar allegations have been found sufficient to state a claim in other cases, and it would be premature for the Court to make a determination that HomeAdvisor's conduct was not, in fact, willful on a motion to dismiss.

### 1.    Plaintiff May Plead Willfulness Generally

As an initial matter, it is important to keep in mind that willfulness may be alleged generally.  *See* Fed. R. Civ. P. 9(b); *accord*, *Scheidt v. Klien*, 956 F.2d 963, 967 (10th Cir. 1992) (noting that even where the heightened particularity of pleading standard of Rule 9(b) applies, "intent" may be alleged generally) (*citing Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1270 (10th Cir. 1989)); *Humphreys v. Fuselier*, 124 F.3d 216 (10th Cir. 1997) (reversing district court that dismissed claims that alleged willfulness generally); *Avila*, 2014 WL 3537825, at *3.  Here,

Plaintiff pleads throughout the Complaint that HomeAdvisor "willfully" violated the FCRA. *See Complaint, ¶¶ 5, 9, 22, 32, 46.* Further, Plaintiff pleads that HomeAdvisor met the standard for willfulness articulated in *Safeco* because it "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Complaint, ¶ 46(f); see also Safeco*, 551 U.S. at 69. Under well-established pleading rules, these allegations must be accepted as true, and nothing further is required at this stage.

### 2.    Plaintiff Pled Facts in Support of Her Willfulness Allegations

Even if Plaintiff were required to plead willfulness with particularity – which she is not[4] – she has done so. In the Complaint, Plaintiff pled a number of specific facts in support of her allegations of willfulness. For example, Plaintiff alleged that "HomeAdvisor was on … notice of the disclosure requirements of the FCRA from its consumer reporting agency, Backgroundchecks.com, which specifically advised that the required disclosure must be 'separate from anything else, especially your employment application or any release of liability.'" *Complaint, ¶ 46(d); see also id., ¶ 29.* In addition, Plaintiff alleged that "HomeAdvisor knew or had reason to know that its conduct was inconsistent with FTC guidance," *id., ¶ 46(c)*, and attached a copy of a FTC advisory opinion letter from 1998. *See Complaint, Ex. 5.* Plaintiff also noted that HomeAdvisor's conduct was inconsistent with case law interpreting the FCRA, *Complaint, ¶¶ 31, 46(c)*, including cases that were decided before HomeAdvisor obtained the consumer reports at issue in this case. *Id., ¶ 31* (citing *Singleton*); *see also Video Only*, 2008 WL 2433841; *Reardon I*, 2011 WL 1628041. Further, Plaintiff noted that (1) HomeAdvisor's conduct was "contrary to the unambiguous language of the Act," *Complaint, ¶ 31*, (2) HomeAdvisor "had 15 years to become compliant" with the FCRA, *id., ¶*

---

[4] Defendant does not, and could not in good faith, argue that the heighted particularity pleading requirement under Rule 9(b) for claims sounding in fraud applies to this case.

*46(a)*; (3) "HomeAdvisor is a large corporation with access to legal advice through its general counsel's office and outside employment counsel," *id., ¶ 46(b)*; and (4) "there is no contemporaneous evidence that it [HomeAdvisor] determined its conduct was lawful," *id., ¶ 46(b)*.

These underlying allegations directly support Plaintiff's central allegation that HomeAdvisor willfully violated the FCRA by acting in reckless disregard of its duties under the statute.  "In determining whether an actor's conduct was reckless, a court should examine the text of the statute, case law that existed at the time of the alleged violation, and any agency interpretations." *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2013) (citing *Safeco*, 551 U.S. at 69-70).  Where the defendant's actions were "objectively unreasonable" in light of such authority, it is an abuse of discretion to conclude that the defendant did not willfully violate the statute. *Id.*

Indeed, other courts have held that the very type of allegations made by Plaintiff in this case are sufficient to support a claim that the defendant willfully violated the FCRA.  *See Milbourne II*, 2015 WL 1120284, at *5-6 (finding genuine issue of material fact as to willfulness, in light of "[t]he parties' arguments … based upon case law, the language of the statute, and the cited FTC letters."); *Jones*, 2015 WL 366244, at *6 ("Plaintiff contends that the plain language of the statute suggests that a disclosure that includes a liability waiver deviates so far from the FCRA requirement as to be 'objectively unreasonable.' The Court agrees with Plaintiff that the Amended Complaint adequately alleges willfulness."); *Avila*, 2014 WL 3537825, at *13 ("[Plaintiff] alleges that [defendant] willfully breached the FCRA because it 'violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(2)' and that its conduct is 'contrary to long-standing regulatory guidance and caselaw.' These allegations are sufficient to allege a knowing

12

or reckless violation of the FCRA, which are required for a finding of willfulness."); *Reardon*, 2013 WL 6231606 at *9-10 (granting summary judgment against defendant for a willful violation of § 1681b(b)(2)(A) because defendant's conduct was "contrary to the statute at hand, and all of the administrative guidance on the questions"); *Singleton*, 2012 WL 245965 at *4-6 (finding that "The Amended Complaint Sufficiently Alleges Willfulness"); *Miller*, 2015 WL 545506, at *3 ("Plaintiffs' complaint clearly alleges that Defendant committed a willful violation of the FCRA"); *Thomas v. FTS USA, LLC*, No. 3:13-cv-00825, ECF No. 59 (E.D. Va. Feb. 24, 2015) (Order denying motion for summary judgment and finding a genuine issue of material fact as to willfulness).[5]   The overwhelming weight of this caselaw leaves no doubt that willfulness is properly pled in this case.

### 3.   Willfulness Is a Question of Fact that Cannot Be Resolved on a Motion to Dismiss

Although HomeAdvisor disputes Plaintiff's willfulness allegations, this issue is not ripe for resolution at the pleading stage. *See Cole v. American Family Mut. Ins. Co.*, 410 F. Supp. 2d 1020, 1025 (D. Kan. 2006) (holding that the "question of defendants' state of mind…" under the FCRA "is an issue best left for the jury"); *Tilley v. Global Payments, Inc.*, 603 F. Supp. 2d 1314, 1330 (D. Kan. 2009) (denying motion for summary judgement on FCRA claim because question of whether violation was willful was for jury); *Eckholt v. Am. Bus. Info., Inc.*, 873 F. Supp. 526, 534 (D. Kan. 1994) (holding that question of whether a party engaged in "willful misconduct" is "of course a question of fact" for the jury); *Hill v. United Airlines*, 550 F. Supp. 1048, 1056 (D. Kan. 1982) (holding that "willful misconduct is a question of fact").   For this reason as well,

---

[5] *Accord Lavery v. RadioShack Corp.*, 2014 WL 2819037, at *2 (N.D. Ill. June 23, 2014) (allegations that amendment to FCRA gave merchants three years to comply with new requirements, which were widely publicized, and that merchants were advised by credit card companies of the requirements, were sufficient to allege willfulness).

HomeAdvisor's motion to dismiss should be denied.  *See Milbourne II*, 2015 WL 1120284, at *8 ("[A]ny decision on the issue of [defendant's] willfulness would be premature at this point. FCRA willfulness is a fact-driven inquiry that cannot be decided without proper discovery by the parties.").

    4.    <u>HomeAdvisor's Purported Defenses to Plaintiff's Willfulness Allegations Are Unavailing</u>

In any event, HomeAdvisor has not demonstrated, as a matter of law, that its conduct was objectively reasonable.  The arguments that it raises are inconsistent with the plain language of the statute, and have been rejected by the FTC and other courts.

    a.    *The Word "Solely" Is Not Ambiguous*

HomeAdvisor's first argument is, essentially, that the statute does not mean what it says. *See Def's Memo at 9* ("[B]ased on the statutory text, 'a document that consists solely of the disclosure' actually need not consist 'solely' of the mere disclosure.").  This is absurd, and certainly is not an objectively reasonable construction of the statute.

Section 1681b(b)(2)(A) requires that an employer do two things before procuring a consumer report on an employee or job applicant: (i) make a "clear and conspicuous disclosure …, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes"; and (ii) obtain written authorization to procure the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  While it is true that the required authorization may appear on the same document as the required disclosure, that is because clause (ii) of the statute expressly permits this.  *See* 15 U.S.C. § 1681b(b)(2)(A)(ii) (stating that the "authorization may be made on the document referred to in clause (i)").  There is nothing in the statute that permits ***other*** information to be included.  Indeed, the very fact that Congress deemed it necessary to state that

the required authorization may be included with the disclosure demonstrates that the default rule is that other information may **not** be included.

One of the FTC advisory opinions that HomeAdvisor entered into the record confirms this. *See* Advisory Opinion to Steer (Oct. 21, 1997) (ECF No. 12-2) (*Def's Memo, Ex. B*). That Advisory Opinion states:

> We believe that including an authorization in the same document with the disclosure, … will not distract from the disclosure itself; to the contrary, a consumer who is required to authorize procurement of the report on the same document will be more likely to focus on the disclosure. However, ***such a document should include nothing more than the disclosure and the authorization for obtaining a consumer report.***

*Id.* (emphasis added).

Moreover, various courts have rejected the argument that express permission to include the required authorization with the disclosure somehow entails implicit permission to include anything else. *See Milbourne II*, 2015 WL 1120284, at *7; *Singleton*, 2012 WL 425965 at *8. As the court held in *Singleton*:

> Domino's makes only one argument in an effort to avoid the statute's plain language. According to the company, inclusion of such a release in the disclosure document must be permissible because 'the statute itself provides that a consumer authorization may be made on the disclosure document.' This contention, however, ignores the significance of congressional silence on an issue where Congress has otherwise spoken. Indeed, when mandating that an employer use a document that 'consists solely of the disclosure,' Congress *expressly* permitted employers to include language authorizing the employer to procure the consumer report. Had Congress intended for employers to include additional information in these documents, it could easily have included language to that effect in the statute. It did not do so, however, and its 'silence is controlling.'

*Singleton*, 2012 WL 425965 at *8 (emphasis in original) (citations omitted). Accordingly, there is no support for HomeAdvisor's construction of the statute.

b.      *The Relevant Case Law Is Not Ambiguous*

HomeAdvisor next argues that its construction of the statute was not objectively unreasonable because "no court of appeals had spoken to the issue."   *Def's Memo at 10.* However, an absence of binding appellate authority does not preclude a finding of willfulness. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 722 (3d Cir. 2010) ("Trans Union correctly reminds us that we are the first court of appeals to address [the specific FCRA provision at issue]. This does not, however, result in a borderline case of liability as Trans Union suggests. It merely establishes that the issue has not been presented to a court of appeals before."); *Dreher v. Experian Info. Solutions. Inc.*, 2014 WL 6834867, *6 (E.D. Va. 2014) (rejecting argument that lack of appellate authority rendered defendant's interpretation of FCRA reasonable; holding that an agency violating the FCRA does not get "'a pass because the issue has never been decided.'") (quoting *Fuges v. Southwest Finan. Servs., Ltd.*, 707 F.3d 241, 253 (3rd Cir. 2012)); *Gillespie v. Equifax Info. Servs.*, 2008 WL 4316950, *6 (N.D. Ill. 2008) (same).   The relevant statutes are clear on their face.

Moreover, even though there may not have been any ***appellate*** authority regarding the stand-alone disclosure requirement, there certainly was district court authority and regulatory guidance.  The *Singleton* case cited above (and in Plaintiff's Complaint) was decided in 2012, before HomeAdvisor procured Plaintiff's consumer report and the other consumer reports at issue in this case.[6]  *Reardon I* was decided in 2011, and *Video Only* was decided even earlier, in 1998.  Moreover, the FTC Advisory Opinion to Hauxwell was issued in 1998, and the Advisory Opinion to Steer (cited by HomeAdvisor) was issued in 1997.   Thus, from the time that HomeAdvisor was founded, it had notice of the problems associated with its FCRA disclosure.

---

[6] Plaintiff's proposed class period starts on January 13, 2013.  *See Complaint, ¶ 33.*

*See Complaint, ¶ 46(a)* (noting that HomeAdvisor "was founded in 1999" and "has had 15 years to become compliant").

To the extent that HomeAdvisor argues that this longstanding judicial and regulatory guidance is "in conflict" with certain decisions cited in its brief, *see Def's Memo at 11*, that purported conflict is more imagined than real. In *Smith v. Waverly Partners*, 2012 WL 3645324, at *6 (W.D.N.C. Aug. 23, 2012), the court stated that it "agree[d] that inclusion of the waiver provision was statutorily impermissible[.]"[7] In *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689 (S.D. Ohio 2010), the court was principally concerned with whether the disclosure was "clear and conspicuous," not whether it was a stand-alone disclosure. *See Singleton*, 2012 WL 245965 at *8 n. 16 (distinguishing *Burghy* on this basis); *Miller*, 2015 WL 545506, at *2 (same).[8] In any event, the statutory text is unambiguous, and ***no court has ever held that it is permissible under the statute to (1) include the required stand-alone disclosure in a job application; (2) include a liability release with the disclosure; or (3) include a multitude of other extraneous information with the disclosure.*** Accordingly, the caselaw cited by HomeAdvisor is no defense to Plaintiff's FCRA claim. *See Milbourne II*, 2015 WL 1120284, at *5-8 (denying defendant's motion for summary judgment, notwithstanding argument that "district courts across the country …have split as to the meaning of the word 'solely' in § 1681b(b)(2)(A)"); *Miller*, 2015 WL 545506, at *3 (denying motion to dismiss notwithstanding

---

[7] To the extent that the *Smith* court suggested that this "statutorily impermissible" waiver was excusable because it was "not a great distraction," this reading of the statute has been rejected by other courts. *See Reardon*, 2013 WL 6231606 at *9-10 n.8 (rejecting *Smith*); *Milbourne II,* 2015 WL 1120284, at *6 (same).

[8] HomeAdvisor could not have relied on *Syed v. M-I LLC,* 2014 WL 4344746 (E.D. Cal. Aug. 28, 2014) because that decision was issued after the disclosures in question. Moreover, that decision is also distinguishable. *See Miller*, 2015 WL 545506, at *3 (distinguishing *Syed*).

alleged "split" in caselaw); *Avila*, 2014 WL 3537825, at *2 (denying motion to dismiss notwithstanding defendant's reliance on *Smith* and *Burghy*).

c.      *The FTC Guidance Is Neither Ambiguous Nor Worthless*

HomeAdvisor's final argument is that the FTC did not provide sufficiently consistent or authoritative guidance to put HomeAdvisor on notice of its statutory obligations. *See Def's Memo at 13-14.* This argument is also meritless.

i.    <u>The FTC Opinions Have Been Consistent</u>

Plaintiff's Complaint attached the FTC Advisory Opinion to Hauxwell ("Hauxwell Opinion"). *See Complaint, Ex. 5.* As noted above, this Advisory Opinion unambiguously stated that (1) the disclosure form "should not contain any extraneous information"; and (2) "a [liability] waiver in a disclosure form will violate … the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." *Id.* Although HomeAdvisor argues that the Hauxwell Opinion has been "undermined by other advisory opinion statements," there is no support for this argument.

The other advisory opinions that HomeAdvisor attached to its Memorandum are entirely consistent with the Hauxwell Opinion. The Advisory Opinion to Steer ("Steer Opinion") was cited in the Hauxwell Opinion, and states that the document in which the disclosure appears "should include nothing more than the disclosure and the authorization for obtaining a consumer report." *Def's Memo, Ex. B.*[9] Similarly, the Advisory Opinion to Coffey ("Coffey Opinion") states: "It is our view that Congress intended that the disclosure not be encumbered with extraneous information." *Def's Memo, Ex. A.* Although the Coffey Opinion did state that "some

---

[9] It is misleading for HomeAdvisor to fail to acknowledge this language in its Memorandum, given that this language appears immediately after the passage that it cites (regarding the permissibility of including the authorization with the disclosure).

18

additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included," *id.*, that was hardly a license for HomeAdvisor to include a liability release and a wealth of other extraneous information with its disclosure (much of which had nothing to do with consumer reports).  *See supra at 3-4* (discussing extraneous statements included in Acknowledgement Page and Release Form).  Moreover, in the Advisory Opinion to Leathers (cited *supra* at 8), the FTC made clear that the statutorily-mandated disclosure may not be included within a job application.

In summary, consistent with the case law cited above (*see supra* at 15-17), **the FTC has <u>never</u> stated that it is permissible under the statute to (1) include the required stand-alone disclosure in a job application; (2) include a liability release with the disclosure; or (3) include a multitude of other extraneous information with the disclosure.**  Thus, it is patently false for HomeAdvisor to assert that its interpretation of the FCRA "dovetails with other FTC advisory opinions."  *Def's Memo at 14.*

### ii.  The FTC Opinions Are Informative

Faced with this clear-cut regulatory guidance, HomeAdvisor argues that these advisory opinions are "not binding" and "not authoritative."  *Def's Memo at 13*.  However, that hardly means that HomeAdvisor was free to disregard them.  While it is true that FTC advisory opinions are prepared by FTC staff and not the Commission itself, they provide valuable guidance to regulated parties concerning their responsibilities, and regulated parties that choose to engage in conduct that is inconsistent with the views expressed in those advisory opinions do so at their peril.  That is especially true where such advisory opinions are consistent with the plain language of the statute and caselaw interpreting the statute.  Indeed, other courts have specifically held that the Hauxwell Opinion and similar advisory opinions are "persuasive" and

"informative."  *See Singleton*, 2012 WL 245965 at *9 (finding opinion letters to be "persuasive," and rejecting defendant's argument that "the court should ignore these letters because they are merely advisory opinions"); *Milbourne II*, 2015 WL 1120284, at *5 (finding the views of the FTC staff to be "informative," even though not entitled to the deference owed to a formal Commission opinion); *accord*, *Owner–Operator Independent Drivers Ass'n, Inc. v. USIS Commercial,* 537 F.3d 1184, 1192 (10th Cir. 2008) (although FTC opinion letters regarding the FCRA are not formal rulemakings entitled to *Chevron* deference, they "may be considered for their persuasive value").

To the extent that HomeAdvisor relies on the Supreme Court's decision in *Safeco*, that decision provides no safe harbor for HomeAdvisor.  Indeed, that decision actually supports Plaintiff's allegations of willfulness in this case, by making clear that "willful" violations of the FCRA include not only knowing violations, but reckless ones as well.  *See Safeco*, 551 U.S. at 56-57.  Although the Court held that a single FTC opinion letter, by itself, did not support a finding of willfulness in that case, *see Safeco*, 551 U.S. at 70 n.19, the allegations of willfulness here are based on much more: Plaintiff alleges that HomeAdvisor ignored not just one FTC letter, but several, as well as the plain language of the statute, caselaw interpreting the statute, and guidance from its own consumer reporting agency.  *See supra* at 3-6.  Given the clarity of 15 U.S.C. § 1681b(b)(2)(A), other courts have rejected previous attempts to invoke *Safeco* as a defense to allegations of willful violations of the statute.  *See Milbourne II*, 2015 WL 1120284, at *5; *Reardon,* 2013 WL 6231606 at *9-11; *Singleton*, 2012 WL 245965 at *9; *accord Gillespie*, 2008 WL 4316950 at*6-7 (rejecting *Safeco* defense where text of FCRA provision was clear, and there were "[s]everal FTC Staff Opinion Letters" that supported plaintiffs' construction of the statute).  There is no reason to reach a different result here.

## CONCLUSION

For all of the reasons set forth above, Plaintiff respectfully requests that this Court deny HomeAdvisor's Motion to Dismiss in its entirety.

Respectfully Submitted,

BRADY & ASSOCIATES

Dated: March 31, 2015                    /s/Mark Kistler_____

Michael F. Brady, Bar # 18630
Mark Kistler, Bar # 17171
10901 Lowell, Suite 280
Overland Park, KS 66210
Telephone: 913.696.0925
Facsimile: 913.696.0468
brady@mbradylaw.com
mkistler@mbradylaw.com

NICHOLS KASTER, PLLP
Kai H. Richter, MN Bar # 0296545*
Daniel C. Bryden, MN Bar # 0302284*
*admitted *pro hac vice*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.256.3200
Facsimile: 612.338.4878
krichter@nka.com
dbryden@nka.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

BRADY & ASSOCIATES

Dated: March 31, 2015

/s/Mark Kistler
Michael F. Brady, Bar # 18630
Mark Kistler, Bar # 17171
10901 Lowell, Suite 280
Overland Park, KS 66210
Telephone: 913.696.0925
Facsimile: 913.696.0468
brady@mbradylaw.com
mkistler@mbradylaw.com

NICHOLS KASTER, PLLP
Kai H. Richter, MN Bar # 0296545*
Daniel C. Bryden, MN Bar # 0302284*
*admitted *pro hac vice*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.256.3200
Facsimile: 612.338.4878
krichter@nka.com
dbryden@nka.com

**ATTORNEYS FOR PLAINTIFF**