IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMERALD LENGEL, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br>v.<br><br>HomeAdvisor, Inc.,<br>                  Defendant. | Case No. 2:15-cv-02198-KHV-KGS |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Emerald Lengel ("Plaintiff"), individually and on behalf of the Settlement Class defined below, and Defendant HomeAdvisor, Inc. ("Defendant") (collectively the "Parties"), enter into this Settlement Agreement and Release to settle the claims in this action, subject to the approval of the Court.

### RECITALS

1. On January 13, 2015, Plaintiff filed the above-captioned action against Defendant. In her complaint, Plaintiff asserts a putative class action claim against Defendant under the Fair Credit Reporting Act ("FCRA") relating to the adequacy of the disclosures that Defendant provided concerning consumer reports that were obtained for employment purposes.

2. On February 24, 2015, Defendant filed a motion to dismiss the complaint, which motion was denied by the Court by Memorandum and Order on May 6, 2015.

3. On September 16, 2015, the Parties participated in a mediation with the Honorable Wayne Andersen (Ret.) of JAMS. Following the mediation, the Parties continued to engage in dialogue concerning a possible settlement with the assistance of Judge Anderson, and reached an agreement in principle on September 23, 2015. This Settlement Agreement and

1

**EXHIBIT 1**

2

Release memorializes the terms of the settlement that were negotiated by the Parties. At all times, the negotiations were conducted at arm's length.

4. Plaintiff's counsel have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted, and have concluded, taking into account the benefits of the settlement as described herein and the risks and delays of further litigation, that this settlement is fair and reasonable and in the best interests of the Settlement Class as defined below.

5. Defendant denies that it has engaged in any wrongdoing; does not admit or concede any fault or liability in connection with any facts or claims that have been or could have been alleged against it in this action; denies that the claims asserted by Plaintiff are suitable for class treatment other than for settlement purposes; and denies that it has any liability whatsoever. , Defendant has agreed to this settlement in recognition of the substantial expense of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

6. Subject to the approval of the Court, the Parties wish to settle this action on the terms set forth herein.

## DEFINITIONS

7. <u>Action or Lawsuit</u> means the above-captioned action, Lengel v. HomeAdvisor, Inc., No. 2:15-cv-02198 (D. Kan.).

8. <u>Agreement or Settlement</u> means this Settlement Agreement and Release.

9. <u>Class Counsel</u> means Nichols Kaster, PLLP and Brady & Associates.

10. <u>Class Period</u> means the period of time from January 13, 2013 through September 23, 2015.

11. <u>Class Representative or Plaintiff</u> means Emerald Lengel.

12. <u>Court</u> means the U.S. District Court for the District of Kansas.

13. <u>Deadline to Opt Out or Object</u> means the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the Settlement and by which any objections to the Settlement must be filed with the Court.  Settlement Class Members shall have no fewer than sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

14. <u>Defendant or HomeAdvisor</u> means Defendant HomeAdvisor, Inc.

15. <u>Effective Date</u> means either: (a) the date of entry of the Final Approval Order by the Court if no objections to the Settlement are timely filed; (b) the expiration date of the time for filing notice of any appeal from the Final Approval Order if any timely objections are filed but no appeal is filed; or (c) if an appeal is filed, the latest of (i) the date of final affirmance of the Final Approval Order; (ii) the expiration of the time for filing a petition for a writ of certiorari to review the Final Approval Order if affirmed; (iii) if such a petition is filed, the date of denial of the petition; (iv), if the writ is granted, the date of final affirmance of the Final Approval Order following review pursuant to that grant; or (v) the date of final dismissal of any appeal from the Final Approval Order or the final dismissal of any proceeding on certiorari to review the Final Approval Order that has the effect of confirming the Final Approval Order.

16. <u>Final Approval Hearing</u> means the hearing to be conducted by the Court, following dissemination of the Notice of Settlement to the Settlement Class, at which time

Plaintiff will request the Court to finally approve the fairness, reasonableness and adequacy of the terms of this Settlement and to enter a Final Approval Order.

17.     <u>Final Approval Motion</u> means Plaintiff's motion seeking final approval of this Settlement.

18.     <u>Final Approval Order</u> means the Court's order granting final approval of this Settlement.

19.     <u>Net Settlement Fund</u> means the amount of money remaining after the Settlement Fund is reduced by the following amounts:

  a.    any service award to Plaintiff that the Court approves; and

  b.    any award of attorneys' fees and expenses to Class Counsel that the Court approves.

20.     <u>Notice of Settlement</u> means the Notice of Class Action Settlement approved by the Court in its Preliminary Approval Order, which shall be sent to the Settlement Class Members by mail. The Parties' proposed Notice of Class Action Settlement is attached hereto as Exhibit A.

21.     <u>Parties</u> means Plaintiff and Defendant.

22.     <u>Preliminary Approval Motion</u> means Plaintiff's motion seeking preliminary approval of this Settlement.

23.     <u>Preliminary Approval Order</u> means the Court's order preliminarily approving this Settlement in substantially the same form as Exhibit B.

24.     <u>Released Persons</u> means Defendant and its affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, shareholders, representatives, trustees, principals, and assigns.

25. <u>Settlement Class</u> means all applicants for employment with HomeAdvisor about whom HomeAdvisor procured a consumer report for employment purposes at any time from January 13, 2013 through June 10, 2015, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

26. <u>Settlement Class Member</u> means any individual who is a member of the Settlement Class.

27. <u>Settlement Fund</u> means the amount that Defendant shall pay in settlement of this Action pursuant to Paragraph 29 of this Agreement.

28. <u>Settlement Payment</u> means the pro rata payment that each Settlement Class Member shall be entitled to receive pursuant to Paragraph 30 of this Agreement, which shall be no less than $50 per Settlement Class Member.

## MONETARY BENEFITS TO THE SETTLEMENT CLASS

29. <u>Settlement Fund</u>.  Within three (3) business days after the Effective Date, Defendant shall establish a Settlement Fund in the amount of $190,000, which shall be used to pay Settlement Class Members and to pay any amounts approved by the Court for Plaintiff's attorneys' fees and expenses, and a class representative service award.  In no event shall the amount of the Settlement Fund exceed $190,000.

30. <u>Settlement Payments</u>.  The Net Settlement Fund, i.e., the entire amount remaining in the Settlement Fund after deduction of any and all amounts approved by the Court for Plaintiff's attorneys' fees and expenses and a class representative service award, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks in the amount of no less than $50 per Settlement Class Member.

31. <u>Manner of Distribution</u>.  Settlement Payments shall be mailed to Settlement Class Members by Defendant via first-class mail, postage prepaid, within 30 days after the Effective Date of this Agreement.  Each envelope in which a Settlement Payment is mailed shall state, in boldface type: "**CLASS ACTION SETTLEMENT CHECK ENCLOSED.**"  For purposes of this mailing, Defendant shall use the address information it has on file for each Settlement Class Member, subject to appropriate updating of addresses for former employees by cross-referencing the National Change of Address Database.  If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, Defendant will promptly re-mail the check to the forwarding address.  If the Settlement Payment is returned without a forwarding address, Defendant shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member by calling such Settlement Class Member at his/her last known phone number, emailing such Settlement Class Member at his/her last known email address, and, if necessary, searching online for an address for such Settlement Class Member.

32. <u>Deadline for Cashing Checks</u>.  Settlement Class Members shall have 90 days from the date on which checks are mailed to negotiate their checks.  In the event that any checks are not cashed during this period, or are undeliverable despite Defendants' efforts pursuant to Paragraph 31 above, Defendant shall make one further distribution of any remaining funds in the Net Settlement Fund on a *pro rata* basis among those Settlement Class Members who cashed their checks.  However, in the event that the amount available for redistribution is less than $5 per class member after deducting the postage costs associated with any such redistribution, such remaining funds shall instead be donated to the National Foundation for Credit Counseling as *cy pres*.   .

33. <u>Payments Not Considered Wages</u>.  The Parties agree that the Settlement Payments are not wages and shall not be treated as such by Defendant for tax purposes.

## ATTORNEYS' FEES AND EXPENSES

34. <u>Motion for Attorneys' Fees and Expenses</u>.  At least fourteen (14) days prior to the Deadline to Opt Out or Object, Plaintiff will seek an order from the Court awarding Class Counsel their reasonable attorneys' fees and out-of-pocket expenses incurred in this Action, which, upon approval, will be paid from the Settlement Fund.  Under no circumstances shall Plaintiff seek an amount of attorneys' fees and expenses that would result in Settlement Class Members receiving a Settlement Payment of less than $50 each.  Provided that Plaintiff's Motion for Attorneys' Fees and Expenses complies with this limitation, Defendant shall take no position on the motion.

35. <u>Payment of Approved Attorneys' Fees and Expenses</u>.  Within five (5) days after the Effective Date, Defendant shall pay all approved fees and expenses to Class Counsel, by wire transfer.

36. <u>Other Expenses Borne by the Parties</u>.  Defendant shall have no other payment obligation to Class Counsel, and each Party shall otherwise bear its own attorneys' fees and expenses.  To the extent that Defendant incurs expenses in connection with mailing the Notice of Settlement and distributing Settlement Payments to Settlement Class Members, those expenses shall be borne exclusively by Defendant, and Defendant shall not seek reimbursement of any portion of those expenses from Plaintiff, the Settlement Class, or Class Counsel.

## SERVICE AWARD

37. <u>Service Award</u>.  At the same time that Plaintiff files her Motion for Attorneys' Fees and Expenses, she may seek a class representative service award of up to $1,000.  In the

event that a service award is approved by the Court, it shall be paid by Defendant, in the form of a check, at the same time that Class Counsel's attorneys' fees and expenses are paid.

## RELEASE OF CLAIMS

38.     Class Release.  On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which is hereby acknowledged, all Settlement Class Members shall fully and forever release, waive, acquit, and discharge Defendant and the Released Persons from any and all claims arising out of or relating to the facts alleged in the Complaint in the Action regarding an allegedly inadequate or otherwise improper disclosure about the acquisition or use of consumer reports for employment purposes, including but not limited to claims under 15 U.S.C. § 1681b(b)(2)(A).

## NOTICE AND RIGHT TO OPT OUT OR OBJECT

39.     Notice to Settlement Class Members.  Within fourteen (14) days after the Court has issued its Preliminary Approval Order, Defendant will send the Court-approved Notice of Settlement to all Settlement Class Members via first-class U.S. Mail, postage prepaid.  Each envelope in which a Notice is sent shall state, in boldface type: "**COURT APPROVED NOTICE OF CLASS ACTION SETTLEMENT**."

40.     Manner of Distributing Notice.  For purposes of distributing the Notice of Settlement, Defendant shall use the address information it has on file for each Settlement Class Member, subject to appropriate updating of addresses for former employees by cross-referencing the National Change of Address Database.  If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, Defendant will promptly re-mail the Notice to the forwarding address provided.  If the Notice of Settlement is returned without a forwarding address, Defendant shall make reasonable efforts to obtain a valid address for the pertinent

Settlement Class Member by calling such Settlement Class Member at his/her last known phone number, emailing such Settlement Class Member at his/her last known email address, and, if necessary, searching online for an address for such Settlement Class Member.

41.     <u>Right to Opt Out</u>.  Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request"), postmarked no later than the Deadline to Opt Out or Object.  Such opt-out request must state the case name and number, contain the name, address, telephone number, and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member.  The opt-out request must be sent by mail to Defendant's counsel (as specified in Paragraph 57 below), and must be timely postmarked on or before the Deadline to Opt Out or Object.  Defendant's counsel shall provide Class Counsel (as specified in Paragraph 57 below) with copies of all opt-out requests.  Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon.  No opt-out request may be made on behalf of a group of Settlement Class Members.

42.     <u>Objections</u>.  Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to the Parties' counsel (as specified in Paragraph 57 below) no later than the Deadline to Opt Out or Object.  The statement of objection must state the case name and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.  In addition, any statement of objection must

be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

43. <u>CAFA Notice</u>. Within five (5) business days after the filing of the Preliminary Approval Motion, Defendant shall serve upon the appropriate governmental officials a notice of the proposed Settlement in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

## SETTLEMENT APPROVAL

44. <u>Preliminary Approval Motion</u>. As soon as practicable after the Parties execute this Agreement, Plaintiff will file a Preliminary Approval Motion and request that the Court (a) enter a Preliminary Approval Order in substantially the same form as Exhibit A; (b) certify the Settlement Class for Settlement purposes; (c) appoint Plaintiff as the named Class Representative and Plaintiff's counsel as Class Counsel for Settlement purposes; (d) authorize distribution of the Notice of Settlement to the Settlement Class; (e) set a Deadline to Opt Out or Object; and (f) set a date for a Final Approval Hearing.

45. <u>Final Approval Motion</u>. At least fourteen (14) days before the Final Approval Hearing, or on the date set by the Court (if different), Plaintiff shall file a Final Approval Motion requesting that the Court enter a Final Approval Order in substantially the same form as Exhibit C. In the Final Approval Motion, Plaintiff shall address any timely submitted objections to the Settlement.

46. <u>Class Certification for Settlement Purposes Only</u>.  The Parties' Settlement is contingent upon the Court's certification of the Settlement Class for settlement purposes. Defendant does not contest certification of the Settlement Class for settlement purposes, but denies that a Rule 23 class could be certified for litigation purposes and reserves the right to contest class certification if the Settlement Class is not certified or the Settlement is not approved.

47. <u>Right to Terminate If Settlement Not Approved</u>.  The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten business days after:  (a) the Court's refusal to certify the Settlement Class; (b) the Court's refusal to grant preliminary approval of the Settlement; (c) the Court's refusal to grant final approval of the Settlement; or (d) the date upon which the Final Approval Order is reversed or modified in any material respect by the U.S. Court of Appeals for the Tenth Circuit or the U.S. Supreme Court.  The above notwithstanding, the Parties agree that should any of the above conditions occur, the Parties will, within the above-indicated period, meet and confer in a good-faith attempt to reach agreement on a settlement of this Action.  If this Agreement is terminated, the Parties will return to the status quo, and the Action shall proceed as if this Settlement had never been negotiated.

48. <u>Settlement Modification</u>.  The Parties may agree by stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications of the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

**OTHER PROVISIONS**

49. <u>No Admission of Liability</u>.  By entering into this Agreement, Defendant does not make and shall not be deemed to have made any admission of liability or wrongdoing.

50. <u>No Waiver</u>.  A party's failure to exercise any rights under this Agreement shall not constitute waiver of that party's right to exercise those rights later.  No delay by any party in exercising any power or right under this Agreement will operate as a waiver of that power or right, nor will any partial exercise of any power or right under this Agreement preclude other or further exercises of that or any other power or right.  The waiver by one party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

51. <u>Authority</u>.  The signatories below represent that they are fully authorized to enter into this Agreement.

52. <u>Best Reasonable Efforts and Mutual Full Cooperation</u>.  The Parties agree to fully cooperate with one other to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement.  The Parties will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary as ordered by the Court, or otherwise, to effectuate this Agreement and to secure the Court's approval of the Settlement.

53. <u>Communications with Settlement Class Members</u>.  Defendant shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

54. <u>Binding Effect on Successors and Assigns</u>.  This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

55. <u>Construction</u>.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.

56. <u>Effect of Captions and Headings</u>.  Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.  Each term of this Agreement is contractual and is not merely a recital.

57. <u>Notices</u>.  Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing, as follows:

| <u>Plaintiff's Counsel:</u> | <u>Defendant's Counsel:</u> |
|---|---|
| Kai H. Richter | Stephen J. Horace |
| Nichols Kaster PLLP | Lathrop & Gage LLP |
| 4600 IDS Center | 950 Seventeenth Street |
| 80 South Eighth Street | Suite 2400 |
| Minneapolis, MN 55402 | Denver, CO 80202 |

58. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts.  All executed copies of this Agreement and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

Executed this 6th day of February, 2017.

                                                       _____
                                                       Emerald Lengel
                                                       Plaintiff

Executed this 6th day of February, 2017.

                                                       _____
                                                       Kai Richter,
                                                       Nichols Kaster, PLLP

Executed this _____ day of _____, 2017.

                                                       HomeAdvisor, Inc.

                                                       _____
                                                       By: _____
                                                       Title:_____

Executed this _____ day of _____, 2017.

                                                       _____
                                                       Stephen Horace
                                                       Lathrop & Gage LLP

Executed this \_\_\_\_ day of _____, 2017.

_____
Emerald Lengel
Plaintiff

Executed this \_\_\_\_ day of _____, 2017.

_____
Kai Richter,
Nichols Kaster, PLLP

Executed this 4Th day of February, 2017.

HomeAdvisor, Inc.

By: _Lee Spiegler_____
Title: _General Counsel_____

Executed this 6th day of February, 2017.

_____
Stephen Horace
Lathrop & Gage LLP

14