IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMERALD LENGEL,  )
on behalf of herself and all those )
similarly situated, )
 )
                    Plaintiffs, )    CIVIL ACTION
v. )
   )    No. 15-2198-KHV
 )
HOMEADVISOR, INC., )
 )
                    Defendant. )
_____ )

**MEMORANDUM AND ORDER**

On January 13, 2015, Emerald Lengel filed this lawsuit on behalf of all persons who applied for employment with HomeAdvisor, Inc., between January 13, 2013 and June 10, 2015. Plaintiffs claim that HomeAdvisor violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i). Specifically, plaintiffs allege that HomeAdvisor failed to provide job applicants a stand-alone disclosure stating that it would obtain a consumer report for employment purposes.[1]

On January 25, 2017, the Court sustained in part plaintiffs' unopposed <u>Motion For Preliminary Approval Of Class Action Settlement</u> (Doc. #49) filed November 18, 2015. <u>See</u> <u>Memorandum And Order</u> (Doc. #55) (incorporated herein by reference). The Court preliminarily certified the class, appointed Lengel as settlement class representative and appointed Lengel's attorneys as class counsel. The Court overruled the motion for preliminary approval of the proposed

---

[1] Plaintiffs also allege that these violations were willful, and thus triggered statutory penalties under 15 U.S.C. § 1681n(a)(1)(A).

settlement and reserved ruling on the proposed form of notice. See id. at 18-19. This matter comes before the Court on Plaintiff[s'] Motion For Preliminary Approval Of Updated Class Action Settlement (Doc. #56) filed February 6, 2017. For reasons set forth below, the Court sustains the motion.

## Analysis

**I.      Preliminary Approval Of Amended Settlement**

Plaintiffs ask the Court to preliminarily approve the amended settlement agreement. In deciding whether to approve a settlement, the Court assesses the reasonableness of the compromise, taking into account the context in which the parties reached the settlement. See In re Motor Fuel Temp. Sales Practices Litig., 258 F.R.D. 671, 675 (D. Kan. 2009) (citing Nat'l Treasury Emp. Union v. United States, 54 Fed. Cl. 791, 797 (2002)). Although the Court must assess the strength of plaintiffs' claims, it should "not decide the merits of the case or resolve unsettled legal questions." Id. (citing Carson v. Am. Brands, Inc., 450 U.S. 79, 88 n.14 (1981)).

In determining whether a proposed settlement is fair, reasonable and adequate, the Court considers the following factors:

> (1)     whether the proposed settlement was fairly and honestly negotiated;
> (2)     whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3)     whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4)     the judgment of the parties that the settlement is fair and reasonable.

Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002). While the Court will consider these factors in greater depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well. See In re Motor Fuel Temp. Sales Practices Litig., 258

F.R.D. at 675; Lucas v. Kmart Corp., 234 F.R.D. 688, 693 (D. Colo. 2006); Am. Med. Ass'n v. United Healthcare Corp., No. 00-2800 (LMM), 2009 WL 1437819, at *3 (S.D.N.Y. May 19, 2009).

In overruling the original settlement agreement, the Court found that the first, second and fourth factors weighed in favor of preliminary approval. Those findings apply to the amended settlement agreement, and the Court incorporates them herein by reference. See Doc. # 55 at 14-15. The Court noted, however, that as to the third factor, although most terms of the original settlement agreement appeared fair and reasonable, the settlement was unclear as to the scope of the release and two points related to payment to class members.

> As to the scope of the release, the Court noted as follows:
>
> The settlement provides that in exchange for a monetary payment, class members will release all claims "arising out of or relating to the facts alleged in the complaint including but not limited to any and all claims under the FCRA, including specifically 15 U.S.C. § 1681b(b)(2)(A), and any parallel or similar state or common-law claims." Id. at ¶ 38. The broad release of claims relating to the facts alleged in the complaint and not limited to claims under the FCRA potentially covers a range of employment claims far broader than the FCRA claims in the complaint. See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., 272 Fed.Appx. 9, 13 (2d Cir. 2008) (although broad class action settlements common, released claims must be limited to claims arising out of factual predicate of lawsuit). Here, the settlement amount appears reasonable only if plaintiffs release any FCRA claims but not all employment-related claims. See In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 247-48 (2d Cir. 2011) (citing TBK Partners, Ltd. v. W. Union Corp., 675 F.2d 456, 460 (2d Cir. 1982)).

Doc. #55 at 17-18. The revised settlement agreement clarifies that the class release is narrowly limited to "claims arising out of or relating to the facts alleged in the Complaint in the Action regarding an allegedly inadequate or otherwise improper disclosure about the acquisition or use of consumer reports for employment purposes[.]" Plaintiff[s'] Motion (Doc. #56) at 1-2. The Court finds that this amendment adequately narrows the scope of the release.

As to provisions for payment to class members, the Court earlier noted two concerns:

-3-

> First, the agreement provides that HomeAdvisor will mail each settlement class member a check for the pro-rata share of the net settlement fund. Presumably defendant will not mail checks to settlement class members for whom it has no good address, but the settlement agreement does not spell out what happens to those class members' share of the net settlement fund. Second, the settlement agreement does not contain a provision for re-distributing to class members the funds from checks which are not cashed within 60 days. As this Court has noted, where settlement involves individual distributions to class members and funds remain after distributions because some class members could not be reached, the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair. Better v. YRC Worldwide, Inc., 2013 WL 6060952, at *6 (D. Kan. Nov. 18, 2013) (quoting Am. Law Inst., Principles of the Law of Aggregate Litigation § 3.07 (2010)).

Doc. #55 at 18. The amended settlement agreement resolves these issues by (1) extending the time for cashing checks from 60 to 90 days and (2) providing that if any balance remains in the settlement fund due to unused or uncashed checks, defendant will redistribute the balance to settlement class members who cashed their checks, unless the amount remaining is de minimus (less than $5 per settlement class member after distribution costs), in which case defendant will donate the balance to the National Foundation for Credit Counseling as cy pres. See Doc. #56, Ex. 1 at ¶ 32.

With these revisions, the Court finds that the amended settlement agreement is fair, reasonable and adequate. The Court therefore grants preliminary approval of the amended settlement agreement.

**II.    Notice**

With respect to class certification under Rule 23(b)(3), Rule 23(c)(2)(B) requires the following notice:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

With respect to a proposed class settlement, Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(3). The content and form of notice are left to the Court's discretion. See In re Integra Realty Res., 262 F.3d 1089, 1111 (10th Cir. 2001). Under Rule 23(e), a notice of settlement must "fairly apprise" class members of the terms of the proposed settlement and their options with respect thereto. Id.

In addition to the requirements of Rule 23, the Due Process Clause in the Fifth Amendment of the United States Constitution guarantees unnamed class members the right to notice of class certification or settlement. See U.S. Const., amend. V; DeJulius v. New Eng. Healthcare Empls. Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005). This due process right does not require actual notice to each party intended to be bound by adjudication of a class action. See DeJulius, 429 F.3d at 944. The Court must give "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Id. (quoting In re Integra, 262 F.3d at 1110-11). The legal standards for satisfying Rule 23(c)(2)(B) and due process are coextensive and substantially similar. See DeJulius, 429 F.3d 944.

Here, the settlement agreement provides that HomeAdvisor will send each class member a notice of the proposed settlement by first-class mail, informing the class member of the terms of

settlement and the right to opt out or object. See Doc. #56-1 at ¶ 39. This means of notice is presumptively reasonable and satisfies the requirements of due process. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (procedure where fully descriptive notice sent by first-class mail to each class member, with an explanation of right to opt out, satisfies due process).

The content of the notice is also reasonable and appropriate. As noted, under Rule 23(c)(2)(B), the notice must clearly and concisely state:

(i) the nature of the action;
(ii) the definition of the classes certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. Rule Civ. P. 23(c)(2)(B). The proposed notice of settlement includes all of the required information. See Settlement Notice (Doc. #56-1). Further, the proposed notice clearly spells out the terms of the proposed settlement and provides information regarding how to obtain further information regarding the settlement. The Court finds that the proposed notice of settlement is reasonable and satisfies due process.

**IT IS THEREFORE ORDERED** that Plaintiff[s'] Motion For Preliminary Approval Of Updated Class Action Settlement (Doc. #56) filed February 6, 2017 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Court preliminarily approves the proposed settlement.

**IT IS FURTHER ORDERED** that the Court approves the proposed notice and the manner of distributing the notice to the settlement class.

**IT IS FURTHER ORDERED** that plaintiffs shall file any motion for attorneys' fees and expenses and a class representative service award at least 14 days before the deadline to opt out or object.

**IT IS FURTHER ORDERED** that plaintiffs shall file the motion for final approval no later than 14 days before the final approval hearing. In the final approval motion, plaintiffs shall address any timely submitted objections to the settlement agreement.

**IT IS FURTHER ORDERED** that the Court will conduct a final approval hearing on **July 27, 2017 at 1:30 p.m.**

Dated this 12th day of April, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge