# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMERALD LENGEL, )<br>on behalf of herself and all those )<br>similarly situated, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs, )<br>v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>HOMEADVISOR, INC., )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant. )<br>_____)| CIVIL ACTION<br><br>No. 15-2198-KHV |

## MEMORANDUM AND ORDER

On October 11, 2017, putative intervenor Frederick Banks filed an Amended Notice To Intervene As Of Right (Fed. R. Civ. P. 24) And Claim, And Permissive Intervention (Fed. R. Civ. P. 24(b) (Doc. #78) in this suit. On October 20, 2017, plaintiff and defendant filed memoranda in opposition to his motion. Plaintiff's Response In Opposition To Motion To Intervene (Doc. #80); HomeAdvisor's Response In Opposition To Frederick Banks' Amended Motion To Intervene (Doc. #81). The parties asserted that the Court should overrule putative intervenor's motion because, inter alia, (1) the class representative adequately represented his interest, if any, in the suit; (2) defendant's records did not show that he applied for a job during the class period and (3) his untimely intervention would unduly prejudice class members. On October 31, 2017, the Court overruled putative intervenor's motion for reasons stated above and entered judgment in the underlying matter. Order (Doc. #83); see Judgment In A Civil Case (Doc. #84).

On November 9, 2017, putative intervenor filed a Motion To Vacate Order (Doc 82) Fed. R. Civ. Proc. 60(b)(4) Void Judgment (Doc. #86). Putative intervenor's motion asserts that the Court must reconsider or "void" its order overruling his motion to intervene because it violated his

due process rights by failing to consider arguments in his reply brief. Id.

## **Analysis**

Under Rule 60(b)(4), Fed. R. Civ. P., courts may grant relief in the "rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2006). Generally, due process requires that interested parties receive notice calculated to apprise them of a pending action and an opportunity to be heard. Id. at 272.

Putative intervenor's motion fails on multiple grounds. First, his contention that the Court failed to consider arguments raised in his reply brief does not infringe his due process rights. Further, any arguments in his reply brief should have been raised in his motion to intervene, which the Court considered. See United States v. Gurule, 461 F.3d 1238, 1248 (10th Cir. 2006) (courts generally do not consider arguments raised for first time in reply brief); see Order (Doc. #82) (stating defendant's colorable claims for his entitlement to intervention).

Second, putative intervenor did not file his reply brief until November 14, 2017 – 11 days after the deadline to file his reply. Frederick Banks Reply To HomeAdvisor's Response In Opposition To Frederick Banks Amended Motion To Intervene, And Plaintiff's Response In Opposition To Motion To Intervene (Doc. #87). Thus, the Court could not consider his brief because putative intervenor failed to file it in a timely manner. The Court overrules his motion.

**IT IS THEREFORE ORDERED** that putative intervenor's Motion To Vacate Order (Doc 82) Fed. R. Civ. Proc. 60(b)(4) Void Judgment (Doc. #86) filed November 9, 2017 is **OVERRULED**.


Dated this 21st day of November, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge